EDGAR L. MULLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Muller v. Commissioner
Docket No. 36934-87
United States Tax Court
T.C. Memo 1989-332; 1989 Tax Ct. Memo LEXIS 337; 57 T.C.M. (CCH) 906; T.C.M. (RIA) 89332; July 12, 1989
Leonard T. Bradt, for the petitioner. Carol B. McClure, for the respondent. WHALEN
MEMORANDUM FINDINGS OF FACT AND OPINION WHALEN, Judge: This case is before the Court on cross motions to dismiss for lack of jurisdiction. Respondent argues that the petition must be dismissed as untimely because petitioner did not file it within 90 days after the mailing of the notice of deficiency, as required by section 6213(a). [1] Petitioner argues that respondent did not mail the notice of deficiency to petitioner's "last known address," as required by section 6212(b), with the result that this proceeding must be dismissed and respondent barred from assessing the tax deficiency and additions to tax determined in the notice. Petitioner argues that the same result follows from the failure of the United States Postal Service to deliver the notice of deficiency and of respondent to audit petitioner's books and records. FINDINGS OF FACT The parties have stipulated most of the facts. The Stipulation of Facts filed by the parties and the exhibits attached thereto are incorporated *339 herein by this reference. Petitioner filed his U.S. Individual Income Tax Return for taxable year 1981 on June 23, 1982, and reported his address as "102 Faust, Houston, Texas 77024" ("Houston address"). On January 2, 1985, the Examination Division of respondent's Houston District sent a letter to petitioner at the Houston address enclosing a copy of a report of respondent's examination of his 1981 return. Petitioner answered the letter on January 14, 1985, and stated his disagreement with the findings of the examination report. [2] Petitioner used the Houston address as his return address. On or about April 1, 1985, petitioner moved to a new address, Highway 259 and 1087, Route 6, Box 3347, Nacogdoches, Texas 75961 ("Nacogdoches address"). Three days later, he filed a forwarding order with the Memorial Park Post Office, the station which services the Houston address. Petitioner did not notify respondent of this change of address. Respondent mailed the subject notice of deficiency on June 11, 1985. Shortly beforehand, respondent's Houston Examination Division followed its *340 standard procedure of verifying petitioner's address by accessing respondent's computer system and entering the command code "ENMOD" under petitioner's social security number. The record does not establish the precise date this verification was made. Usually, an ENMOD verification is made after a rough draft of the statutory notice is reviewed for accuracy by a senior 90-day reviewer and is returned to the employee responsible for typing statutory notices. In this case, the rough draft of the statutory notice was returned to the typing unit by the senior 90-day reviewer on April 29, 1985. Accordingly, it appears that the ENMOD verification of petitioner's address was made between April 29 and June 11, 1985. At that time, the most recent address for petitioner contained in respondent's computer system was the Houston address. Accordingly, respondent mailed the statutory notice of deficiency to petitioner at the Houston address. In the notice of deficiency, respondent determined the following deficiency in and additions to petitioner's Federal income tax for taxable year 1981: Additions to Tax, I.R.C. Sections
Taxable Year
Deficiency
6653(a)(1)
6653(a)(2)
6621(d)
1981
$ 26,928.00
$ 1,346.40
* **
*341 The notice of deficiency was returned to the Houston Examination Division by the Postal Service on June 26, 1985. The envelope had been marked "moved, left no address" by the Memorial Park Post Office Station. The Houston Examination Division again accessed respondent's computer records and verified that the Houston address was petitioner's most recent address. On August 13, 1985, petitioner mailed his Federal income tax return for taxable year 1984 to the Austin Service Center, and reported the Nacogdoches address as his address. The Service Center received the return on August 15, 1985. Petitioner filed the petition in this case 891 days after the date on which the notice of deficiency was mailed. At that time he resided in Nacogdoches, Texas. OPINION In general, a taxpayer engages the deficiency jurisdiction of this Court by filing a petition for redetermination within 90 days after respondent mails a notice of deficiency by certified or registered mail. Sections 6212(a), 6213(a), and 6214(a). Thus, a valid notice of deficiency and a timely petition are essential *342 to our deficiency jurisdiction and we must dismiss any case in which one or the other is not present. E.g., ; . The parties have stipulated and we have found that respondent mailed the subject notice of deficiency more than 90 days prior to the date on which petitioner filed the instant petition. Accordingly, we must dismiss the petition as untimely under section 6213(a), unless we agree with petitioner's position that the notice of deficiency was not mailed to his "last known address" or was invalid for other reasons. In that event, we must also dismiss the case for lack of jurisdiction, but respondent may thereafter be prohibited from making an assessment based upon the invalid notice. Section 6213(a); section 6501; . In either event, it is clear that we do not have jurisdiction over this case and that it must be dismissed. In these circumstances, however, we have jurisdiction to declare the reason why we do not have jurisdiction. . *343 Petitioner argues that the notice of deficiency is invalid and that the instant petition must be dismissed for lack of jurisdiction for three reasons: first, respondent did not mail the notice to his "last known address;" second, he should not be penalized for the failure of the Postal Service to deliver the notice of deficiency to him; and third, the notice of deficiency is arbitrary and void because respondent issued it without first examining petitioner's books and records. For the reasons set out below, we do not agree with petitioner that the notice of deficiency is invalid. We agree with respondent that the petition should be dismissed as untimely. Section 6212(b)(1) provides that a notice of deficiency "shall be sufficient" if "mailed to the taxpayer at his last known address." The phrase "last known address," as used in section 6212(b)(1), is not defined by the Code or regulations. Generally, it is the address to which, in light of all the facts and circumstances, respondent reasonably believed that the taxpayer would wish the notice sent. ; ; *344 , affg. , cert. denied ; . The relevant inquiry pertains to respondent's knowledge at the time the notice is mailed, rather than on what in fact may have been the taxpayer's actual address. ; ; . Until recently, it has been our position that respondent is entitled to treat the address of the taxpayer appearing on the return under examination as the taxpayer's last known address, absent "clear and concise notification" of an address change. See, e.g., , affd. . In , we held that a taxpayer's last known address is the address shown on his most recent return, absent clear and concise notice of a change of *345 address. In Abeles we stated as follows: a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, * * * a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. * * * [T]he address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using * * * both taxpayers' [taxpayer identification numbers] in the case of a previously filed joint return. [Emphasis in original; fn. ref. omitted.] . The rule enunciated in Abeles was adopted in light of evidence that the technological advancement and efficacy of respondent's computer system now allow respondent *346 ready access to the address on a taxpayer's most recently filed return, once the return has been properly processed. . The burden of proving that the notice was not sent to petitioner's last known address is on petitioner. ; . Petitioner used the Houston address on his 1981 return, the return at issue. He presented no evidence that he used a different address on a later return filed prior to June 11, 1985, the date of the notice of deficiency. Petitioner's 1984 return, bearing the Nacogdoches address, was not filed until August of 1985, approximately two months after the mailing of the notice of deficiency. Thus, petitioner's 1984 return was not the "most recently filed return" at the time the notice was mailed. . Moreover, petitioner resided at the Houston address until approximately 10 weeks before the notice of deficiency was mailed, and he has offered no evidence of clear and concise notification to respondent of a different address. Accordingly, *347 we conclude that petitioner's last known address as of June 11, 1985, was the Houston address, and that the notice of deficiency was mailed to petitioner's last known address within the meaning of section 6212(b). Petitioner first argues that respondent failed to exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address because respondent was put on notice of the change of petitioner's address by the fact that the notice was returned to him by the Postal Service on June 26, 1985. We disagree. Section 6212(b)(1) provides that a notice of deficiency mailed to a taxpayer's last known address "shall be sufficient." The Code thus focuses on the information available to respondent at the time the notice of deficiency is mailed to the taxpayer's last known address, not on information received later. ; , affg. . Nothing in the Code requires respondent to take additional steps to effectuate delivery. ; *348 . A notice of deficiency mailed to the taxpayer at his last known address is sufficient regardless of whether the taxpayer actually receives it. E.g., . Accordingly, the critical date for determining respondent's knowledge of a taxpayer's last known address is the date of the mailing of the statutory notice. ; , revg. and remanding ; ; . Petitioner next argues that he should not be penalized by the failure of the United States Postal Service to forward his mail properly. He argues that he would have received the notice of deficiency if the Postal Service had complied with its duty to forward mail addressed to petitioner, and he notes that he received other mail that was properly forwarded. Petitioner appears to argue that a notice of deficiency which is otherwise valid can be *349 rendered invalid by action taken or not taken by the Postal Service. We disagree. The notice of deficiency in this case was mailed to petitioner's last known address and, under section 6212(b)(1), was "sufficient" to start the running of the 90-day period under section 6213(a) for filing a petition with this Court. The statute places the risk of nondelivery on the taxpayer. ; ; ; . We find nothing in the facts of this case to suggest that respondent did not do all that was required of him under the statute. Accordingly, the cases cited by petitioner, , , and , affd. without published opinion , do not apply here. Finally, petitioner argues for the first time on brief that the *350 subject notice of deficiency is void because respondent issued it without first reviewing petitioner's books, records and return. He argues that the notice of deficiency does not meet the requirements of section 6212(a) and is invalid because respondent did not, in fact, make a determination of a deficiency. He further argues that, in the absence of a valid notice, the case must be dismissed for lack of jurisdiction as discussed in , revg. . Petitioner did not raise this issue or allege any facts supporting it in his petition or motion to dismiss. However, questions concerning our jurisdiction can be raised by the parties or by the Court, sua sponte, at any time. . Respondent does not contend otherwise nor does he object to our consideration of this issue on grounds of timeliness. Respondent contends that we should not consider it because petitioner has advanced no factual basis in support of his position. Unlike respondent, we find that there are facts in the record relevant to this issue. Unlike petitioner, however, we *351 believe that those facts require decision for respondent. The record shows that respondent's agent sent a letter to petitioner on January 2, 1985, approximately five months prior to the notice of deficiency, and asked for petitioner's agreement to certain adjustments in his 1981 return. The agent enclosed with his letter an examination report setting out proposed adjustments to petitioner's 1981 return. Thereafter, respondent issued the notice of deficiency on June 11, 1985, and disallowed deductions taken on petitioner's 1981 return for interest expenses in connection with five specified entities. Petitioner has not denied, either in response to respondent's letter of January 2, 1985, or at any time thereafter, his connection with any of these entities. In light of these facts, we see no similarity between this case and , and reject petitioner's assertion that the notice of deficiency is invalid because of such a similarity. Nor do we agree with the proposition implicit in petitioner's argument that in every case a notice of deficiency must be declared invalid unless the taxpayer's books and records have been the subject of a prior audit *352 by respondent. Neither , nor the opinion of any other court applies such a rule or requires that result in this case. For the reasons set out above, we hold that the notice of deficiency dated June 11, 1985, was mailed to petitioner at his last known address and that petitioner has failed to prove that the notice is invalid. We further hold that because petitioner filed his petition more than 90 days after the notice was mailed, the petition is untimely and we have no jurisdiction under section 6213(a). Accordingly, we grant respondent's motion to dismiss and deny petitioner's motion to dismiss. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code.↩
2. The parties stipulated -- apparently in error -- that this letter is dated January 15, 1985.↩
*. 50% of the interest due on the underpayment. ** 120% of the interest due on the underpayment.↩